**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Jerome Levell Jefferson,**

**Petitioner,**

v.

**David Crist, Warden,**

**Respondent.**

**Civil No. 00-990 (JRT/SRN)**

**REPORT AND RECOMMENDATION**

---

Chad M. Oldfather, Esq., on behalf of Petitioner Jerome Levell Jefferson.

Walter M. Kaminsky, Esq., Sherburne County Attorney, on behalf of Respondent David Crist.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above entitled matter is before the undersigned United States Magistrate Judge on the Petition of Jerome Levell Jefferson for Writ of Habeas Corpus under 28 U.S.C. § 2254. This matter has been referred to the undersigned for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, this Court recommends that the Petition for Writ of Habeas Corpus be denied and the case be dismissed with prejudice.

**I. BACKGROUND**

Petitioner is a Minnesota state prisoner committed to the Minnesota Commissioner of Corrections and is serving a 213 month sentence at Stillwater, a Minnesota Correctional Facility. In May 1998, Petitioner and others were at the home of an acquaintance when a disagreement among the guests erupted. (Pet'r Mem., Doc. No. 2., App.) After the

FILED NOV 16 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

argument, Petitioner left the house through the front door and the two victims, Lenard Sims and Dana Cobbins, left out the back door. Id. Multiple gun shots were then heard in the alley behind the house. Id. The police recovered the bullet casings from the scene and later determined that the casings were discharged from a gun that had been in Petitioner's possession. Id. A Sherburne County jury found Petitioner guilty of attempted murder in the second degree in violation of Minn. Stat. §§ 609.19, subd. 1(1), .17, subd.1; attempted assault in the first degree in violation of Minn. Stat. § 609.221, subd. 1; two counts of assault in the second degree in violation of Minn. Stat. § 609.222; and felon in possession of a pistol in violation of Minn. Stat. § 624.713, subd. 1 (b). (Warrant of Commitment, Doc. No. 7.)

Petitioner filed a Notice of Appeal to the Minnesota Court of Appeals arguing, inter alia, that the trial court's jury instruction on the intent element of attempted second degree murder violated his due process right to a unanimous jury verdict. In an unpublished opinion, the Minnesota Court of Appeals affirmed in part, reversed in part, and remanded. (Pet'r Mem., Doc. No. 2, App.) In its unpublished decision, the Minnesota Court of Appeals held as follows: (1) there was sufficient evidence to sustain Jefferson's convictions; (2) the jury instructions did not violate Jefferson's due process rights; and (3) any juror misconduct did not violate Jefferson's right to a fair trial. The Minnesota Court of Appeals vacated the attempted first-degree assault conviction and remanded the case to the district court for the determination of possible re-computation of Jefferson's criminal history score. Id.

Petitioner filed a Petition for Review with the Minnesota Supreme Court, which was denied. Petitioner has not filed any petitions for post-conviction relief.

In his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, Petitioner

alleges the following:

> 1) his due process rights were violated because his conviction was not unanimous and not based on proof beyond a reasonable doubt of every fact necessary to constitute the crime; and
>
> 2) his Sixth Amendment right to trial by jury was violated when the Minnesota Court of Appeals usurped the fact finding function of the jury.

(Pet., Doc. No. 1, at p. 5.)

Respondent filed a timely response in which he asserts that Petitioner has not presented a cognizable claim for which relief may be granted and requests that this Court deny relief and dismiss Petitioner Jefferson's petition.

## II. DISCUSSION

### A. Standard of Review in Habeas Proceedings

A federal court may consider an application for federal habeas corpus relief and intervene in state judicial proceedings only "where errors of constitutional magnitude have occurred." Carter v. Armontrout, 929 F.2d 1294, 1296 (8th Cir. 1991). A federal habeas court may not grant a state prisoner's petition for writ of habeas corpus unless the state court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Supreme Court has recently clarified the question of the proper application of 28 U.S.C. § 2254 in Williams v. Taylor, __U.S.__, 120 S. Ct. 1495 (2000). The Court noted that the "contrary to" clause and the "unreasonable application" clause of 28 U.S.C. § 2254 (d)(1) should be accorded separate meanings. See Williams, 120 S. Ct. at 1519.

Under the "contrary to" clause, a federal habeas court may grant the

> writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 1523. For a petitioner to succeed under 28 U.S.C. § 2254, he must establish that an alleged error effectively rendered the entire trial fundamentally unfair and that, absent the error, the outcome of the trial probably would have been different. Newton v. Armontrout, 885 F.2d 1328, 1336 (8th Cir. 1989).

**B. Petitioner's Challenge to the Jury Instruction**

Petitioner challenges the constitutionality of the trial court's jury instruction on the attempted second degree murder charge. (Pet'r Mem., Doc. No. 2, at p. 6.) Petitioner argues that the jury instruction did not require the jurors to reach a unanimous agreement as to whom he intended to murder, thereby destroying the assurance that the jury found him guilty of the crime beyond a reasonable doubt.[1] (Id.) "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073, 25

[1]Federal law does not establish a unanimous jury requirement for state court proceedings; the Supreme Court has never recognized "jury unanimity to be a requisite of due process of law." Johnson v. Louisiana, 406 U.S. 356, 359, 92 S. Ct. 1620, 1623, 32 L. Ed.2d 152 (1972), see also Apodaca v. Oregon, 406 U.S. 404, 92 S. Ct. 1628, 32 L. Ed.2d 184 (1972). Although there is no federal constitutional right to a unanimous jury verdict, a defendant may have a federal constitutional claim under the Due Process Clause if a state guarantees a structural protection but applies the rule arbitrarily to a defendant's prejudice. See Evitts v. Lucey, 469 U.S. 387, 401, 105 S. Ct. 830, 839, 83 L. Ed.2d 821 (1985) ("when a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution--and, in particular, in accord with the Due Process Clause"); see also Mack v. Caspari, 92 F.3d 637, 640 (8th Cir. 1996).

L. Ed.2d 368 (1970).

Petitioner was charged, and convicted, of attempted murder in the second degree under Minn. Stat. §§ 609.19, subd. 1(1), .17, subd. 1. A person is guilty of murder in the second degree if he or she "causes the death of a human being with intent to effect the death of that person or another, but without premeditation." Minn. Stat. § 609.19, subd. 1(1). Attempt is defined as: "Whoever, with intent to commit a crime, does an act which is a substantial step toward, and more than preparation for, the commission of the crime is guilty of an attempt to commit that crime." Minn. Stat. § 609.17, subd. 1. The jury instruction reads in relevant part as follows:

> First, the defendant attempted to cause the death of *Lenard Sims or Dan Cobbins, or both.*
> Second, defendant acted with the intent to kill *Lenard Sims or Dana Cobbins or both.* In order to find defendant had an intent to kill, you must find defendant acted with the purpose of causing death or believed that the act would have had that result. Intent, being a process of the mind, is not always susceptible to proof by direct evidence, but may be inferred from all the circumstances surrounding the event. It is not necessarily that the defendant's act be premeditated.
> Third, the defendant's act took place on May 13th, 1998, in Sherburne County, Minnesota.

(Trial Tr., Doc. No. 7, at pp.724-25 (emphasis added).)

Petitioner claims that the use of the words "Lenard Sims or Dana Cobbins or both" in the jury instruction violated his due process rights because two counts of attempted murder were merged into one. (Pet'r Mem., Doc. No. 2, at pp. 7-9.) Petitioner claims that, if in fact the evidence supported an intent to kill either or both of the victims, he should have been charged with two counts, not one, of attempted second degree murder. (Id.) Petitioner relies on Schad v.

Arizona, 501 U.S. 624, 111 S. Ct. 2491, 115 L. Ed.2d 555 (1991)(plurality opinion) in support of his position. The petitioner in Schad questioned the appropriateness of an Arizona statute that defined first-degree murder as murder which is either (1) willful, deliberate or premeditated, or (2) committed in the perpetration of, or attempt to perpetrate robbery. Id. at 628-29, 111 S. Ct. at 2495-96. Although ultimately determining that the Arizona statute did not "fall beyond the constitutional bounds of fundamental fairness and rationality," Id. at 645, 111 S. Ct. at 2504, the Supreme Court noted:

> To say, however, that there are limits on a State's authority to decide what facts are indispensable to proof of a given offense is simply to raise the problem of describing the point at which differences between means become so important that they may not reasonably be viewed as alternatives to a common end, but must be treated as differentiating what the Constitution requires to be treated as separate offenses.

Id. at 633, 111 S. Ct. at 2498. In determining what events should be separate offenses, the Court in Schad wrote that "[w]e would not permit, for example, an indictment charging that the defendant assaulted either X on Tuesday or Y on Wednesday." Schad, 501 U.S. at 651, 111 S. Ct. 2507 (separate concurrence Justice Scalia).

The "X on Tuesday or Y on Wednesday" hypothetical is not analogous to the facts of this case or the Minnesota statute governing the offense. Minnesota statute section 609.19, subd. 1(1) defines the "intent" to murder as the "intent to effect the death *of that person or another.*" Minn. Stat. § 609.19, subd. 1(1) (emphasis added). The wording of Minn. Stat. § 609.19, subd. 1(1), indicates that the identity of the victim is not a necessary element of the crime. Rather it is the intent to kill *someone* that is determinative. The Minnesota Court of Appeals specifically held in this case that "[t]he state was not required to prove the precise

number or identity of Jefferson's intended victims." (Pet'r Mem., Doc. No. 2, App.) It is not the province of this Court to reexamine state court determinations of state law questions. Estelle v. McGuire, 502 U.S. 62, 67-78, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991). "If a state's courts have determined that certain statutory alternatives are mere means of committing a single offense, rather than independent elements of the crime, we simply are not at liberty to ignore that determination and conclude that the alternatives are, in fact, independent elements under state law." Schad, 501 U.S. at 636, 111 S. Ct. at 2499.

Only when a state's statutory construction goes beyond fundamental fairness will a court question its constitutionality. Id. at 637, 111 S. Ct. 2500. There is "a threshold presumption of legislative competence to determine the appropriate relationship between means and ends in defining the elements of a crime." Id. According to the Minnesota State court's interpretation of the attempted second degree murder statute, the identity of the victim is not a required element. This statutory construction does not violate basic ideas of fairness. In attempted murder cases it is difficult to prove that the accused intended to kill a particular person with direct evidence. Rather, intent exists only in a person's mind and may be inferred from the accused's actions and statements. See State v. Cooper, 561 N.W.2d 175, 179 (Minn. 1997). Petitioner's reasoning would require a finding as to his subjective intent to kill a particular person. Such a construction of the offense of attempted second degree murder is not required by either Minnesota statute or the United States Constitution.

Having determined that the construction of Minn. Stat. § 609.19, subd. 1(1) is not constitutionally invalid, this Court must abide by the Minnesota Court's interpretation of the statute. We now turn to the appropriateness of the jury instruction charging an offense under

Minn. Stat. § 609.19, subd. 1(1). The trial judge gave the jury a reasonable doubt instruction based on the elements of the statute. The judge said: "If you find that each of these elements has been proven beyond a reasonable doubt, defendant is guilty of [attempted] murder in the second degree. If you find that any of these elements has not been so proved, defendant is not guilty of [attempted] Murder in the Second Degree." (Trial Tr., Doc. No. 7, at p. 725.) The jury was instructed that they must find proof beyond a reasonable doubt of every fact necessary to constitute attempted second degree murder. The jury was required to unanimously agree that Petitioner was guilty of the offense after agreeing that all of the statutory elements for attempted murder in the second degree were met. There is no reason to believe that jury instruction diluted the reasonable doubt requirement of the Fourteenth Amendment.

Accordingly, the Court finds that Petitioner's first claim cannot provide a basis for granting federal habeas corpus relief and should be denied with prejudice.

**C. Petitioner's Challenge to the Minnesota Court of Appeals' Review**

Petitioner also claims that the Minnesota Court of Appeals denied him his Sixth Amendment right to trial by jury. Petitioner asserts that the Minnesota Court of Appeals avoided his challenge to the jury instructions by simply concluding that the evidence was sufficient to convict Petitioner of attempting to murder either of the victims. (Pet., Doc. No. 1, at p. 5.) Petitioner believes that the Minnesota Court of Appeals "usurped" the fact finding power given to juries. (Id.)

"The Fourteenth Amendment right to due process and the Sixth Amendment right to trial by jury, taken together, entitle a criminal defendant to a jury determination that he is guilty of every element of the crime with which he is charged, beyond a reasonable doubt."

Apprendi v. New Jersey, __ U.S. __, 120 S. Ct. 2348, 2350 (2000). Petitioner relies on Sullivan v. Louisiana, 508 U.S. 275, 281, 113 S. Ct. 2078, 2082, 124 L. Ed.2d 182 (1993) for the proposition that, "[t]he Sixth Amendment requires more than appellate speculation about a hypothetical jury's action ... it requires an actual finding of guilty." While Petitioner has cited a valid legal principal, it is not applicable to this case.

The Sullivan principle applies when appellate courts review constitutionally deficient reasonable-doubt instructions. In those cases, the reviewing court cannot simply declare that the error was harmless and sua sponte determine a defendant's guilt. See id., at 281, 113 S. Ct. at 2082 (jury instruction incorrectly diluted the reasonable doubt standard violating the Sixth Amendment guarantee of a jury trial and such error was not appropriate for harmless error analysis); see also Bollenbach v. United States, 326 U.S. 607, 66 S. Ct. 402, 90 L.Ed. 350 (1946)(Circuit Court of Appeals improperly affirmed conviction on legal and factual grounds that were never submitted to jury). In such cases it is inappropriate for the reviewing court to speculate as to what the jury could have found, because such a review results in the wrong entity judging the defendant's guilt. It is not for the reviewing court to determine "whether guilt may be spelt out of a record, but whether guilt has been found by a jury" according to the procedures and standards required by the Constitution. Bollenbach, at 614, 66 S. Ct. at 406.

Unlike Sullivan and Bollenbach, this case does not involve a defective jury verdict that was remedied by appellate review. Petitioner's case was evaluated by the jury, after being given a proper reasonable doubt instruction. The jury found Petitioner guilty of every element of the crime, the guilty verdict was based on a proper reasonable doubt instruction, and the verdict was affirmed by the Minnesota Court of Appeals. The Minnesota Court of Appeals did not

violate Petitioner's constitutional rights. Thus the Court finds that Petitioner's second claim cannot provide a basis for granting federal habeas relief.

Because Petitioner has not met his burden of showing that his confinement is in violation of any constitutional right, Petitioner is not entitled to the issuance of a Writ of Habeas Corpus. See 28 U.S.C. § 2254.

**IT IS HEREBY RECOMMENDED that**:

Petitioner Jerome Levell Jefferson's Petition for Writ of Habeas Corpus (Doc. No. 1) be **DENIED** and the case be **DISMISSED WITH PREJUDICE**.

Dated: November 16 , 2000

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 4, 2000**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.