**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

JEROME LEVELL JEFFERSON,

Petitioner,

v.

DAVID CRIST, Warden; MICHAEL HATCH, Minnesota Attorney General; and SHERYL RAMSTAD HVASS, Commissioner of Corrections,

Respondents.

Civil No. 00-990 (JRT/SRN)

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

Chad M. Oldfather, FAEGRE & BENSON LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402 -3901, for petitioner.

Walter M. Kaminsky, Sherburne County Attorney, OFFICE OF THE COUNTY ATTORNEY, Sherburne County Government Center, 13880 Highway 10, Elk River, MN 55330, for respondents.

This matter is before the Court on petitioner's objections to the Report and Recommendation of United States Magistrate Judge Susan Richard Nelson dated November 16, 2000. The Magistrate Judge recommended that petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus be denied. The Court has conducted a *de novo* review of petitioner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR

FILED APR 27 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD. APR 27 2001
DEPUTY CLERK

an unpublished decision, the Minnesota Court of Appeals concluded that the "evidence produced at Jefferson's trial is sufficient to support attempted second-degree murder convictions against either Sims or Cobbins, or both. Thus, the instruction did not deprive Jefferson of his due process right to a unanimous jury verdict." On November 23, 1999, petitioner's petition for review before the Minnesota Supreme Court was denied. Petitioner did not file any petitions for state post-conviction relief.

Thereafter, petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that: 1) his due process right to a unanimous verdict was violated because the jury instruction allowed the jury to find intent to murder "Lenard Sims or Dana Cobbins or both"; and 2) the Minnesota Court of Appeals' determination that the evidence at trial supported his conviction against either Sims or Cobbins usurped the jury's fact-finding role and violated petitioner's Sixth Amendment right to a trial by jury.

---

(Footnote continued.)

> defendant acted with the purpose of causing death or believed that the act would have had that result. Intent, being a process of the mind, is not always susceptible to proof by direct evidence, but may be inferred from all the circumstances surrounding the event. It is not necessarily [*sic*] that the defendant's act be premeditated.
>
> Third, the defendant's act took place on May 13, 1998, in Sherburne County, Minnesota.

(Emphasis added.)

## ANALYSIS

### I. Petitioner's Due Process Challenge to the Jury Instruction

Petitioner challenges the trial court's jury instructions as not requiring the jurors to reach a unanimous verdict, thus defeating the requirement that the jury find him guilty of the crime beyond a reasonable doubt. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1969).

Minn. Stat. § 609.19, subd. 1(1) provides that a person is guilty of murder in the second degree if he or she "causes the death of a human being with intent to effect the death of that person or another, but without premeditation." Attempt is defined as: "Whoever, with intent to commit a crime which is a substantial step toward, and more than preparation for, the commission of the crime is guilty of an attempt to commit that crime." Minn. Stat. § 609.17, subd. 1.

Petitioner objects to the use of the phrase "defendant acted with intent to kill Lenard Sims or Dan Cobbins, or both" in the instructions setting out the necessary elements of the crime to the jury. In its review of petitioner's case on direct review, the Minnesota Court of Appeals acknowledged that the requisite instruction did not require the jury to agree which victim petitioner intended to kill. *State v. Jefferson,* No. C5-99-41 at 6 (Minn. Ct. App. Sept. 21, 1999) (unpublished opinion). However, the court determined that identity of the victim was not an essential element of the offense and that, because the evidence was sufficient to support the conclusion that petitioner intended to

kill either Sims, or Cobbins, or both, the instruction did not deprive him of his right to a unanimous verdict. *Id.* at 6, 8.

In reaching this conclusion, the court noted that this decision was consistent with other state court cases such as *State v. Begbie*, 415 N.W.2d 103, 105 (Minn. Ct. App. 1988); *State v. Day,* 501 N.W.2d 649, 653 (Minn. Ct. App. 1993) and *State v. Hart,* 477 N.W.2d 732 (Minn Ct. App. 1991), which also involved jury instructions written in disjunctive (either/or) form. In each of those cases, the courts determined that the jury instruction providing for alternative means for committing the crime in question did not violate a defendant's right to a unanimous jury verdict.[2]

Here, the Minnesota Court of Appeals determined that the mens rea requirement of attempted second degree murder under Minnesota law can be satisfied by proof that the defendant intended to kill either of the victims. *Accord Fernandez v. Dufrain,* 11 F. Supp. 2d 407, 408-09 (S.D.N.Y. 1998). Under *Schad v. Arizona*, 501 U.S. 624 (1991) (plurality opinion), "[i]f a state's courts have determined that certain statutory alternatives are mere means of committing a single offense, rather than independent statutory

---

[2] The court placed particular emphasis on *Begbie,* the most similar case to the case at bar. In *Begbie*, the Minnesota Court of Appeals determined that the jury instruction, which did not require the jury to agree on which victim the defendant intended to terrorize, did not violate the defendant's right to a unanimous jury verdict. 415 N.W.2d at 105. There, like here, the court determined that the victim's identity was not an element of the crime and the evidence at trial supported conviction for threats against either victim. *Id.* at 106.

In addition to principles established in *Begbie, Day and Hart,* the Minnesota Court of Appeals also followed the rationale from *State v. Hough*, 585 N.W.2d 393 (Minn. 1998), that "the assailant's knowledge of the presence of a particular victim is not essential to sustain a conviction" where the defendant knows, or should have known, that there would be multiple potential victims. *Id.* at 396.

elements of the crime, we simply are not at liberty to ignore that determination." *Id.* at 636.

Therefore, only when a state's statutory construction goes beyond the due process demands for fundamental fairness and rationality will a court question its constitutionality. *See id.* at 637. Given that injury is not an element of the crime of attempted murder there is no logical requirement to link the defendant's intent to a specific victim. The Minnesota Court of Appeals' statutory construction in this case does not violate the requirements of fundamental fairness and rationality.

The jury instructions given in this case were consistent with the elements of the statute as determined by the state courts. In addition, the jury was required to agree that all of the statutory elements of the crime were met before convicting the defendant and the jury was instructed that these elements must be proved beyond a reasonable doubt. As a result, there is no indication that the jury instructions violated petitioner's due process rights.

## II. Petitioner's Sixth Amendment Right to Trial By Jury

Petitioner also asserts that the Minnesota Court of Appeals denied him his Sixth Amendment right to trial by jury by concluding that the evidence was sufficient to convict petitioner of attempting to murder either or both of the victims. Petitioner alleges that the Minnesota Court of Appeals took over the jury's fact-finding role.

The due process protections of the Fourteenth Amendment combined with the right to a jury trial under the Sixth Amendment entitle a criminal defendant to a jury

72.1(c)(2). For the reasons set forth below, the Court adopts the Report and Recommendation of the Magistrate Judge and denies petitioner's writ of habeas corpus under § 2254.

**BACKGROUND**

In May 1998, petitioner and others were at the home of an acquaintance in St. Cloud when a disagreement among the visitors began in the basement of the house. Following the argument, petitioner left the house through the front door and the two victims, Lenard Sims and Dana Cobbins, left through the back door. Witnesses then heard gunshots in the alley. A jury convicted petitioner of attempted second-degree murder in violation of Minn. Stat. §§ 609.17, subd. 1; 609.19, subd. 1(1); attempted first-degree assault in violation of Minn. Stat. § 609.221, subd. 1; second-degree assault in violation of Minn. Stat. § 609.222 (two counts); and felon in possession of a firearm in violation of Minn. Stat. § 624.713, subd. 1(b).

Petitioner filed a notice of appeal to the Minnesota Court of Appeals arguing, *inter alia*, that the jury instructions on the intent element of the attempted second-degree murder count violated petitioner's due process right to a unanimous jury verdict because the instruction did not require the jury to agree on the identity of the intended victim.[1] In

---

[1] The jury instruction states, in relevant part:

> First, the defendant attempted to cause the death of **Lenard Sims or Dan Cobbins, or both**.
>
> Second, defendant acted with the intent to kill **Lenard Sims or Dana Cobbins or both**. In order to find defendant had an intent to kill, you must find

(Footnote continued on next page.)

finding that he or she is guilty of each element of the crime beyond a reasonable doubt. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000); *see also Sullivan v. Louisiana*, 508 U.S. 275, 277-78 (1993).

In the present case, the Minnesota Court of Appeals did not supplant the petitioner's right to have the jury, not the courts, reach the requisite guilty finding. The jury in this case found petitioner guilty of every element of the crime of attempted murder in the second degree. The Minnesota Court of Appeals in reviewing the case merely clarified what the requisite elements were under Minnesota law. In doing so, the court did not violate the petitioner's constitutional rights. Therefore the petitioner's second claim cannot provide a basis for granting federal habeas relief.

**ORDER**

Based upon the foregoing, the submissions of the parties, and all of the files, records, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 11] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 10]. Accordingly, **IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus [Docket No. 1] is **DISMISSED with prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: April 26, 2001
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge