**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

JEROME LEVELL JEFFERSON, Civil No. 00-990 (JRT/SRN)

Petitioner,

v.

**ORDER**

DAVID CRIST, Warden;
SHERYL RAMSTAD HVASS,
Commissioner of Corrections; and
MICHAEL HATCH, Attorney General,

Respondents.

---

Chad M. Oldfather, FAEGRE & BENSON, 2200 Norwest Center, 90 South Seventh Street, Minneapolis, MN 55402-3901, for petitioner.

Walter M. Kaminsky, SHERBURNE COUNTY ATTORNEY, Sherburne County Government Center, 13880 Highway 10, Elk River, MN 55330, for respondents.

## INTRODUCTION

Petitioner commenced this action by filing a habeas corpus petition challenging his 1998 state court criminal convictions. The petition was dismissed with prejudice by a

FILED SEP 0 6 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. _____
DEPUTY CLERK _____

judgment entered on April 27, 2001.[1] On July 26, 2001, petitioner filed a "Notice of Appeal," accompanied by a "Motion To Accept Petitioner's Pro Se Notice Of Appeal Late." Petitioner's motion seeks an extension of the deadline for filing his notice of appeal. That motion must be denied, for the reasons discussed below.

Also before the Court at this time are Petitioner's "Motion For Issuance Of Certificate of Probable Cause for Appeal," "Motion For Leave To Proceed *In Forma Pauperis*," and "Motion For Acceptance Of Number Of Copies Provided, In Lieu Of The Number of Copies Required For Submission To Clerk Of Court." All three of those motions will be summarily denied as moot, because petitioner's appeal is untimely, and his request for an extension of the appeal deadline cannot be granted.

## DISCUSSION

Because habeas corpus proceedings are civil actions, (*Rust v. Clarke*, 960 F.2d 72, 73 (8th Cir. 1992)) ("[h]abeas corpus is a civil action"), petitioner's request for an extension of time to file a notice of appeal is governed by Fed. R. App. P. 4(a)(5)(A). *Malone v. Avenenti*, 850 F.2d 569, 571-72 (9th Cir. 1988) ("[a]n appeal from a denial of a habeas petition is considered a 'civil' matter and is thus subject to the time limitations set forth in rule 4(a)"); *Pratt v. McCarthy*, 850 F.2d 590, 591-92 (9th Cir. 1988) (same). Rule 4(a)(5)(A) provides that:

[1] An earlier judgment entered on December 6, 2000, was vacated on the Court's own motion.

> "[a] district court may extend the time to file a notice of appeal [in a civil action] if:
>
> > (i) a party so moves no later than 30 days after the time [for filing a notice of appeal] prescribed by this Rule 4(a) expires; and
> >
> > (ii) that party shows excusable neglect or good cause."

The Court finds that petitioner cannot be granted an extension of the time for filing a notice of appeal pursuant to Rule 4(a)(5)(A), because he cannot satisfy either of the two prerequisites set forth in the Rule.

First and foremost, petitioner did not file his motion within thirty days after the deadline for filing his notice of appeal. The judgment from which petitioner is attempting to appeal was entered on April 27, 2001, and the deadline for filing a notice of appeal expired thirty days later on May 27, 2001. *See* Fed. R. App. P. 4(a)(1)(A). Pursuant to Rule 4(a)(5)(A)(i), petitioner was required to file his motion for extension of time within thirty days thereafter – i.e., on or before June 26, 2001. But petitioner did not file his current motion for extension until July 26, 2001 – a month after the latest possible date for seeking an extension under Fed. R. App. P. 4(a)(5)(A). Thus, petitioner's motion to extend the time for filing a notice of appeal must be denied, because that motion was itself filed much too late.[2]

---

[2] In his motion for extension, petitioner claims that "The Court of United States Court of Appeals for the Eighth Circuit granted petitioner's motion for additional time to file his Notice of Appeal." However, there is no evidence in the Clerk's file or the Clerk's docket sheet suggesting that any such relief has actually been granted by the Eighth Circuit.

Furthermore, petitioner is not entitled to an extension under Rule 4(a)(5)(A), because he has not shown "excusable neglect or good cause." Petitioner contends that he "is a layman [and] has no knowledge of the law." That explanation will not suffice, however, because petitioner was sent a "Notice" from the Clerk of Court's office, which clearly informed him about his right to appeal and the deadline for doing so. (*See* Attachment to Order dated April 26, 2001 [Docket No. 17].) He did not need to know anything about the law to file a timely appeal, because the Clerk's office provided all the information he needed to do that. Thus, the Court finds that petitioner has not met the "excusable neglect or good cause" requirement of Rule 4(a)(5)(A). For this additional reason, petitioner's motion to extend the time for filing a notice of appeal must be denied.

Because petitioner's notice of appeal was filed too late, and his motion to extend the deadline for filing an appeal was also filed too late, petitioner cannot appeal the judgment that dismissed his habeas corpus petition. It follows that petitioner's other pending motions pertaining to his attempted appeal – i.e., his motion seeking leave to proceed *in forma pauperis*, his motion for a certificate of appealability (as required by 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b)(1)), and his motion for "acceptance of number of copies provided [etc.]" -- are moot.

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's "Motion To Accept Petitioner's Pro Se Notice Of Appeal Late" [Docket No. 21] is **DENIED**;

2. Petitioner's "Motion For Issuance Of Certificate of Probable Cause for Appeal" [Docket No. 20] is **DENIED as moot**;

3. Petitioner's "Motion For Leave To Proceed *In Forma Pauperis*" [Docket No. 22] is **DENIED as moot**; and

4. Petitioner's "Motion For Acceptance Of Number Of Copies Provided, In Lieu Of The Number of Copies Required For Submission To Clerk Of Court " [Docket No. 24] is **DENIED as moot**.

DATED: Sept. 6, 2001
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge